EVERETTE DRAUGHN

VERSUS

JENNIFER LOPEZ, ET AL.

NO. 24-C-328

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 03, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** EVERETTE DRAUGHN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 821-305

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator, Everette Draughn, seeks review of the trial court's June 27, 2024 judgment that sustained a declinatory exception of improper venue filed by Respondents, Jennifer Lopez as CEO of Jennifer Lopez Enterprises, Nuyorican Productions, Inc., Bodega Pictures, Inc., Al Roker, Al Roker Entertainment, Inc., and Viacom International, Inc. For the following reasons, we deny Mr. Draughn's writ application.

In their exception, Respondents argued that the forum selection clause in the "Individual Release" for the television series "Big Easy Justice" required Mr. Draughn to file his action in New York County. They contended that in *Draughn v. Thacker*, 17-337 (La. App. 5 Cir. 9/8/17)(unpublished writ disposition), in consideration of an exception of improper venue in district court number 718-982, this Court determined that the forum selection clause was valid and enforceable; thus, the trial court properly sustained their exception in that case and the current

24-C-328

matter. In opposition, Mr. Draughn argued that Jefferson Parish is the proper venue because this is where the harm occurred. He asserted that this Court's prior ruling is not law of the case because it was an interlocutory judgment and did not address the merits of his duress and fraud claims. He further argued that Respondents deliberately misrepresented this Court's ruling to the court in New York. The trial court, in its oral reasons for judgment, found that Jefferson Parish is not the proper forum because Mr. Draughn waived venue in Jefferson Parish by filing a lawsuit in New York.

Venue is a question of law, which is reviewed *de novo* by the appellate court. *Ameriprint, LLC v. Canon Sols. Am., Inc.*, 21-94, p. 3 (La. App. 5 Cir. 5/24/21), 2021WL2093283. Evidence may be presented at a hearing on a declinatory exception. *Id.*, citing La. C.C.P. art. 930. If evidence is admitted at a hearing on a declinatory exception, the exception must be resolved on the evidence presented, rather than on the allegations in the petition. *Id.* For purposes of a venue exception, the allegations of the plaintiff's petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept the allegations of the petition as true. *Id.*

In this matter, Mr. Draughn's attorney offered "the entire court record into the record of [that] hearing." Thus, this Court is not bound to accept the allegations of the petition as true.

In *Thacker*, *supra*, Mr. Draughn acknowledged that he signed the written release containing the forum selection clause. However, he claimed that his consent to the release, including the forum selection clause, was obtained through fraud or duress. After considering all of the evidence presented, this Court concluded that the evidence presented did not establish that Mr. Draughn was under duress when he signed the release, that his consent was obtained through fraud or overreaching, or that the inclusion of the forum selection clause in the written release was the

2

product of fraud or coercion. It was found that Mr. Draughn failed to meet his heavy burden of proving that the forum selection clause was unenforceable.

After reviewing the evidence presented for consideration, we, again, conclude that Mr. Draughn has failed to meet his burden of proving that the forum selection clause is unenforceable. We adopt the rationale stated in *Thacker* and find that the trial court did not err in sustaining Respondents exception of improper venue.

Accordingly, the writ application is denied.

Gretna, Louisiana, this 3rd day of December, 2024.

**MEJ**
**TSM**

3

EVERETTE DRAUGHN

VERSUS

JENNIFER LOPEZ, ET AL.

NO. 24-C-328

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**SCHLEGEL, J., CONCURS IN PART AND DISSENTS IN PART
WITH REASONS**

I concur with the majority's decision to deny the writ application. However, I would grant the respondents' request for sanctions under La. C.C.P. art. 2164 for filing a frivolous writ application.

**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>12/03/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-328**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Loretta G. Mince (Respondent)
Molly L. Wells (Respondent)

### MAILED

Ferdinand F. Valteau, III (Relator)
Attorney at Law
237 Main Street
New Iberia, LA 70560